## CARDEY v FISHER et

Ohio Appeals, 9th Dist,. Summit Co

No 1608. Decided May 24, 1929

Frank A. Ream, Akron, for Cardey.
May & May, Akron, for Fisher, et.

WASHBURN, J.

It is conceded that if all of said materials were furnished pursuant to a single contract between Wentink, the contractor, and Fisher Bros., then said lien is valid for the full amount claimed, $1718.53 and interest.

Thus there is presented for determination a question of fact as to whether said materials were furnished under one contract or under two separate contracts.

On this important issue, there are but two witnesses: Wentink, the contractor, and a Mr. Hoehn, a representative of Fisher Bros.; and there is no material difference in their testimony as to what occurred.

Wentink had built many buildings, the lumber for which had been furnished by Fisher Bros.; after he had entered into the contract with Cardey for the building of said house and garage, he prepared a statement of the materials which would be necessary for the house, but did not prepare a statement as to the materials for the garage, for the reason that the garage was to be similar in size to others built by him and he "knew approximately or within a few dollars of what the cost of material for a garage was."

He took the statement of the materials necessary for the house to Mr. Hoehn at the office of Fisher Bros. and informed him that he had a contract with the Cardeys for a house and garage on certain premises and submitted to Fisher Bros. the statement of materials for the house and requested that they give him a price therefor.

Fisher Bros. entered the list of materials contained in said statement upon one of their bill heads, upon which was printed, "We agree to furnish only the articles represented on this statement for $......," and inserted the amount they agreed to furnish the materials for in said blank and gave the same to Wentink.

Thereafter they delivered said materials to Wentink, on the premises, from time to time as desired, together with a few extras, the last of said materials being delivered on June 3, 1927, and later, on June 30, 1927, Wentink went to the office of Fisher Bros. and gave to an employee a list of materials for the garage without having a further conversation with Fisher Bros. in reference thereto; said materials for the garage were delivered by Fisher Bros. the same day and all of the materials furnished by Fisher Bros. were used in the construction of said buildings. Mr. Hoehn testified that at the time Wentink told him that he had a contract to build this house and garage and submitted his statement of the materials for the house, he said that he had not made up a list of materials for the garage "because he knew what the cost was," and it is apparent that the parties understood that the garage was to be just the ordinary and usual type of garage, with which both parties at that time were familiar; when Wentink was asked what was said at that converstion about the garage, he answered, "None other than that eventually a garage would be built on the premises, and that the material would be furnished by Mr. Fisher for the particular job."

Counsel for Cardey suggest that the answer to the question whether or not there was a single contract for the materials for both buildings depends upon whether Fisher Bros. would have had a right of action against Wentink for breach of contract if he had purchased the materials for the garage of some one other than Fisher Bros.

We do not think that such test is determinative of the question in this case; within the meaning of the mechanic's lien law, the contract is not always required to be an entire contract in a strict and technical sense, such as is suggested by said test.

**Choteau v. Thompson, 2 OS. 114.**

Considering what was said and done by the parties in connection with the surrounding circumstances, we are of the opinion that Wentink did not have, within the meaning of the mechanic's lien law, two separate and distinct contracts with Fisher Bros. for the furnishing of said material.

The fact that the materials for the garage were furnished in the usual course of business, without any further negotiations, indicates that both parties intended the initial arrangement to include the materials for the garage.

A decree may be drawn embracing the matter determined by us upon this appeal, finding the lien of Fisher Bros. Lumber Co. valid for the full amount thereof and ordering the premises sold to satisfy the same, and remanding the cause to the Common Pleas Court, with directions to it to execute the decree of this court the same as if made by said Court of Common Pleas, and to carry out its judgment and decree except so far as the same is in conflict herewith.

Funk, PJ, concurs. Pardee, J, not participating.